IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WHITNEY BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 12-0076-KD-C |
| ) | |
| DAVIS-JEFFRIES-HUNOLD, INC., ) | |
| MICHAEL SHANE JEFFRIES, and ) | |
| D. ROBERT DAVIS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on plaintiff Whitney Bank's motion for summary judgment against defendant D. Robert Davis (doc. 10). Upon consideration and for the reasons set forth herein, the motion is **GRANTED** in part as follows:

I.      Background

On February 9, 2012, Whitney Bank (Whitney) filed its complaint against Davis-Jeffries-Hunold, Inc. (DJH), Michael Shane Jeffries (Jeffries) and D. Robert Davis (Davis) (doc. 1). Previously, DJH executed a mortgage and commercial mortgage note in favor of Whitney (docs. 1-1, 1-2). Jeffries and Davis executed continuing unlimited guaranties in favor of Whitney wherein they guaranteed DJH's debt (doc. 1-3). DJH defaulted on the loan, Whitney accelerated the debt, and foreclosed upon the real property pursuant to the power of sale in the mortgage (doc. 1, doc. 10-4, Affidavit of Richard D. Buntin, Vice President, Whitney Bank). The foreclosure sale to a third party resulted in a deficiency balance (*Id*., doc. 1-4, foreclosure deed).

Whitney brings Count One of its complaint to recover the deficiency balance due under the terms of the loan documents and guaranties (doc. 1). Whitney seeks judgment against the

defendants, jointly and severally, in the amount of $144,891.07, which consists of the principal balance of $140,540.76 plus accrued interest in the amount of $4,350.31 (accruing at the per diem rate of $64.93), prejudgment interest, accruing late charges and fees, and a reasonable attorney's fee and costs (doc. 1, doc. 10-5, Affidavit of Counsel Annie J. Dike).

Davis was served with a copy of the summons and complaint by certified mail and he filed an answer (doc. 3, doc. 4).  DJH and Jeffries were served with a copy of the summons and complaint by certified mail (doc. 3, doc. 16-1).  DJH and Jeffries did not answer or otherwise defend.  Upon Whitney's application, the Clerk entered default as to DJH and Jeffries (doc. 8, doc. 15).  Whitney now moves for summary judgment as to Davis (doc. 10) and for default judgment as to Jeffries and DJH (doc. 9, doc. 16).

II.     Jurisdiction

This Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332 (doc. 1). Whitney is a Louisiana banking organization. Davis is an Alabama citizen,[1] DJH is a corporation formed under the laws of Alabama and Jeffries is either a citizen of Alabama or Missouri.[2] The amount in controversy is met because the deficiency balance due as alleged in the complaint, $144,891.07, exceeds the jurisdictional amount of $75.000 (doc. 1, p. 9).

III.    Findings of Fact

Davis did not file a response to the motion for summary judgment. Local Rule 7.2(b) for

---

[1] The complaint was signed by counsel for Whitney and thus subject to Rule 11(b)(3) of the Federal Rules of Civil Procedure which provides that "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support".  Therefore, the Court will accept the jurisdictional allegations as true.

[2] The return of service as to Jeffries shows that he was served with the summons and complaint in Holt, Missouri (doc. 16-1).

the Southern District of Alabama requires a party who responds to a Rule 56 motion to specify the disputed facts, if any, and the Rule explains that failure to do so will be interpreted as an admission that there is no material factual dispute:

> Within thirty (30) days…[of the filing of a motion for summary judgment] or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action.  Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D.ALA.L.R. 7.2(b).  Because Davis failed to "point out the disputed facts", his  "[f]ailure to do so will be considered an admission that no material factual dispute exists." *Id*. *See Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1302–03 (11th Cir. 2009) (giving deference to interpretation of local rule which provides that if a "party responding to a summary judgment motion does not directly refute a material fact set forth in the movant's Statement of Material Facts with specific citations to evidence, or otherwise fails to state a valid objection to the material fact pursuant to Local Rule 56.1B(2), such fact is deemed admitted by the respondent."); *Patton v. City of Hapeville, Ga.*, 162 Fed. Appx. 895, 896 (11th Cir.2006) ("We conclude from the record, however, that the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia.").

The Court, having determined that Whitney's undisputed facts are deemed admitted, makes the following factual findings:

> On April 14, 2006, DJH executed a Commercial Mortgage Note in the amount of

$497,250.00 in favor of Whitney (doc. 1-1).  The Note contains a provision wherein the "Obligor [DJH] agrees to pay the reasonable fees and costs of any attorney-at-law employed by Bank to recover sums owed or to protect Bank's interests with regard to this note.  Obligor further agrees to pay any and all charges, fees, costs, and/or taxes levied or assessed against Bank in connection with this Note or against any collateral provided of this Note." (doc. 1-1, p. 3).   The Note was renewed and modified on May 14, 2007 (doc. 1-1, p. 4-5), June 14, 2008 (doc. 1-1, p. 6-7), January 14, 2009 (doc. 1-1, p. 8-10), and September 1, 2009 (doc. 1-1, p. 11-13).  DJH remained indebted for the balance due on the Note and for attorney's fees and costs. (*Id*.)

Also on April 14, 2006, Davis executed a Continuing Guaranty to guaranty the debt of DJH.  The Guaranty provides that the "Guarantor jointly, severally, and unconditionally guarantees to Bank the prompt payment of all obligations and liabilities of Borrower to Bank, . . . including . . . attorney's fees, expenses of collection and costs . . ." (doc. 1-3, p. 4).  Also, Davis waived "all notice and pleas of presentment, demand, dishonor and protest." (*Id.*).

On June 14, 2008, Davis executed a Commercial Guaranty wherein he again guaranteed to pay all obligations and liabilities of DJH (doc. 1-3).  Davis also agreed to "pay upon demand all of Lender's costs and expenses, including Lender's attorney's fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty" and to "pay all court costs and such additional fees as may be directed by the court." (doc. 1-3, p. 8).  Again, Davis waived "any right to require Lender . . . to make any presentment, protest, demand, or notice of any kind . . ." (*Id*., p. 7).

The Note was secured by a Mortgage executed by DJH in favor of Whitney on April 14, 2006 (doc. 1-2). The Mortgage granted Whitney a security interest in Lots 5, 6 23, 29, 30, 38, 44 and 57 located in Sedgefield Subdivision in Baldwin County, Alabama (doc. 1-2). The Mortgage

was modified effective September 1, 2009 (doc. 1-2, p. 13-14).  At that time, the principal balance was $306,850.00 and Lots 5, 23, and 44 had been sold.  The Mortgage Modification Agreement set a final maturity date of September 1, 2011 (*Id.*)  All other terms of the Mortgage remained in effect. (*Id.*)  DJH defaulted under the terms of the Mortgage and the Modification and Whitney accelerated the debt due (doc. 1).  Davis defaulted under the terms of the Continuing Guaranty and the Commercial Guaranty  (doc. 10-4, Buntin Affidavit, ¶10).

Pursuant to the power of sale in the Mortgage, which provided for non-judicial foreclosure of the real property, Whitney conducted a foreclosure sale on December 5, 2011.  A third party purchased the real property  but the sale resulted in a deficiency balance due (doc. 1, doc. 1-4, Foreclosure Deed).

At the time of filing the complaint, the deficiency balance was $144,891.07 which consisted of principal in the amount of $140,540.76 and interest in the amount of $4,350.31 (doc. 1).  Interest accrues at the per diem rate of $64.93 (doc. 1).  At the time of filing the motion for summary judgment, the deficiency balance was $147,358.41 which consists of a principal balance of $129,879.00, accrued interest in the amount of $15,679.41 (per diem of $64.93) and an appraisal fee in the amount of $1,800.00 (doc. 10-4, Buntin Affidavit).

Whitney also seeks a reasonable attorney's fee and costs (doc. 1).  At the time of filing the motion for summary judgment, Whitney moved for $21,474.27 as attorney's fees and expenses (doc. 10, doc. 10-5, Dike's Affidavit).

    IV.    <u>Conclusions of Law</u>

        A.    <u>Choice of Law</u>

 "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *Manuel v. Convergys Corp.*, 430

F.3d 1132, 1139 (11th Cir. 2005) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Alabama courts follow the traditional conflict-of-law principles of *lex loci contractus* and *lex loci delicti. Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200, 213 (Ala. 2009). Thus, in Alabama, contract claims are governed by the laws of the state where the contract was made, unless the contracting parties chose a particular state's laws to govern their agreement. *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991). In this action, the contracts were made in Alabama and the parties chose the State of Alabama (doc. 1-1, pp. 3, 5, 7, 9, 12, doc. 1-3, pp. 3, 6, 8). Therefore, the laws of the State of Alabama apply.

   B.  Applicable Alabama Law

Under Alabama law, loan documents are governed under contract law. *See Penick v. Most Worshipful Prince Hall Grand Lodge F & A M of Alabama, Inc.,* 46 So.3d 416, 428 (Ala., 2010) (construing terms of a mortgage, notes and modification agreement). In that regard, "[i]f the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court and, when appropriate, may be decided by a summary judgment." *Diamond v. Bank of Alabama*, 43 So.3d 552, 563 (Ala. 2009) (construing terms of a promissory note, guaranty, line of credit and letter of credit and finding documents underlying loan transaction were not ambiguous) (citations omitted). *See Peppertree Apartments, Ltd. v. Peppertree Apartments*, 631 So.2d 873, 878 (Ala. 1993) ("The intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous.").

In order to prevail on its breach of guaranty agreement claim, Whitney must establish the existence of Davis' guaranty, default on the underlying Note by DJH, and nonpayment by Davis as the guarantor. *Branch Banking and Trust Co. v. Broaderip*, 2011 WL 3511774, 3 (S.D.Ala.

6

Aug. 11, 2011) ("Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty.") *quoting Delro Industries, Inc. v. Evans*, 514 So.2d 976, 979 (Ala. 1987); *see also e.g., Vision Bank v. Algernon Land Co., LLC*, 2011 WL 1380062, *7–8 (S.D.Ala. Apr. 12, 2011); *Sharer v. Bend Millwork Sys., Inc.*, 600 So.2d 223, 225–226 (Ala. 1992).

The guaranty at issue is a continuing guaranty. Generally an additional element of notice of DJH's default to Davis as the guarantor must also be proven. However, Davis waived "all notice and pleas of presentment, demand, dishonor and protest." (doc. 1-3, p. 1). *See, e.g., Sharer*, 600 So.2d at 226. In that regard, "[t]he language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it." *Wells Fargo Bank v. Richard D. Horne*, LLC, 2010 WL 5376341, *3 at n.1 (S.D.Ala. Dec. 27, 2010); *see also RBC Bank v. CMI Electronics, Inc.*, 2010 WL 2719096, *2 (M.D. Ala. Jul. 8, 2010) ("[i]n the case of a continuing guaranty, it is also necessary to prove that the guarantor received notice of the debtor's default, unless that right has been waived by the terms of the guaranty contract."). Therefore, notice to Davis was not required.

Moreover, when a contract is "one of absolute guaranty," as in this case, "the failure of the principal to pay the debt within the time provided in the principal contract fixed the liability of the guarantors, without regard to the question of the principal's solvency or insolvency, and the plaintiff was under no duty to the guarantors to pursue its remedy against the principal as a prerequisite to its right to recover against the guarantors." *Ehl v. J.R. Watkins Medical Co.*, 112 So. 426, 426 (Ala. 1927); *In re Southern Cinemas, Inc.*, 256 B.R. 520, 527 (Bkrtcy. M.D.Fla.

2000) (holding under Alabama law that "[i]n order to be entitled to enforce the obligation of the contract of guaranty, the creditor must show that the guaranteed debt or obligation is due.").

### C.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). The party seeking summary judgment bears "the initial burden to show the district

court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). In this case, Whitney, as the moving party and plaintiff, bears the burden of proof at trial. The Eleventh Circuit has stated:

> When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it "must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548 (1986)).

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof, 'the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552 (footnote omitted)). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir.1992) (internal citations and quotations omitted). However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir.2004).

      D.     Analysis

By failing to respond, Davis has not met his burden to present evidence upon which the Court could find that there is a genuine issue of material fact. However, the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." *Dixie Stevedores, Inc. v. Marinic Maritime, Ltd.*, 778 F.2d 670, 673 (11th Cir.1985). The Eleventh Circuit Court of Appeals has held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion", and noted the provision in Fed.R.Civ.P. 56(e) that when " 'the adverse party does not respond, summary judgment, *if appropriate,* shall be entered against the adverse party.' " *United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Florida,* 363 F.3d 1099, 1101 (11th Cir. 2004),[3] (emphasis in original) (citation omitted); *see also Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely failing to file a response to a motion for summary judgment[.]")

The Eleventh Circuit further explained that

> [t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [ ] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. The district court cannot grant a motion for summary judgment merely

---

[3] The Court notes that the current version of Rule 56(e) no longer contains this exact language. The Rule, however, does provide that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. Rule 56(e).

>for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact. In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must indicate that the merits of the motion were addressed.

*One Piece of Real Property*, 363 F.3d at 1101-1102 (citations, internal quotations and footnote omitted).

Therefore, the Court "must review all of the evidentiary materials submitted in support of the motion for summary judgment" to "ensure that the motion itself is supported by evidentiary materials" i*d*. at 1102, and review Whitney's "citations to the record to determine if there is, indeed, no genuine issue of material fact" such that granting summary judgment would be appropriate. *Mann, 588 F.3d at 1303 (citing Reese v. Herbert,* 527 F.3d 1253, 1269 (11th Cir. 2008)). "Even in an unopposed motion" Whitney as the movant "still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id*. (quoting *Celotex Corp,*. 477 U.S. at 323, 106 S.Ct. at 2553).

Whitney argues that the loan documents submitted are clear and unambiguous contracts and therefore, the terms of the documents should be enforced as written. Whitney argues that Davis has no defense for his failure to pay the debt as contemplated in the loan documents and therefore, Whitney is entitled to summary judgment for the amount due under the loan documents (doc. 10).

Davis did not respond to the motion for summary judgment. However, in his *pro se* answer to the complaint, Davis asserts that the interest payments on the loan were current and that the loan balance had been significantly reduced during the term of the loan. He also admits that when the loan expired, Whitney called for full payment of the remaining balance and that he was unable to make immediate full payment (doc. 4). Davis asserts that if the amount received

11

at the foreclosure sale is correct, then Whitney sold the real property for far less than a recent appraisal.  Davis asserts that Whitney opted not to extend the loan term and not to accept monthly interest payments on the loan, but instead chose to foreclose on the property and accept "pennies on the dollar" for the real property (doc. 4).

The undisputed facts, supported by the affidavit and verified copies of the loan documents provided by Whitney, establish that Davis executed the Continuing Guaranty and the Commercial Guaranty which obligated him to pay Whitney should DJH default on the Commercial Mortgage Note, that DJH did default and that Davis defaulted upon his obligation as guarantor.  Further, the loan transaction documents clearly and unambiguously set forth the intent of the parties and the obligation undertaken by Davis to pay the amount due on the loan should DJH fail to do so.  Davis' disagreement with the amount obtained at the foreclosure sale or with Whitney's decision not to extend the loan, is not a defense to his obligations under the guaranty agreements. Whitney has presented sufficient evidence from which the Court can conclude that there is no genuine dispute of material fact as to Davis' liability under the terms of the guaranty agreements.  Therefore, summary judgment is due to be granted in Whitney's favor.

> V.    Damages

In the complaint, Whitney demands judgment against the defendants, jointly and severally, in the total amount of $144,891.07, which consists of the principal balance of $140,540.76 plus accrued interest in the amount of $4,350.31 (accruing at the per diem rate of $64.93) (doc. 1, p. 10).  Whitney also demands accrued prejudgment interest as provided by the loan documents (doc. 1, p. 10).  Therefore, Whitney is entitled to an award of interest accrued

since the complaint was filed.[4]  However, Whitney Vice President Buntin's affidavit indicates that the principal balance was $129,879.00 with interest accrued in the amount of $15,679.41 plus an appraisal fee of $1,800.00 for a total of $147,358.41 (doc. 10-4).  The principal balance claimed in the motion for summary judgment ($129,879.00) is not consistent with the principal balance in the complaint ($140,540.76).  Also, the appraisal fee of $1,800.00 appears to be a cost of collecting the debt and more appropriately addressed with the request for the attorney's fees and costs.

Accordingly, **Whitney is ORDERED** to provide the Court with supporting evidence to resolve this conflict and establish the specific amount of damages to which it is entitled under the terms of Davis' guaranties, including proof of the correct principal balance due on the deficiency after the foreclosure sale, accrued interest, and the per diem rate of interest, on or before **July 24, 2012**.  **Davis** may **respond** to Whitney's supplement on or before **August 7, 2012.  Whitney** may file any **reply** on or before **August 14, 2012.**

VI.     Attorneys' Fees and Costs

In the motion for summary judgment against D. Robert Davis, Whitney moves for $21,474.27 in attorneys' fees and costs (doc. 10, p. 5).  In support, Whitney provides the Court with the affidavit by its counsel Annie J. Dike (doc. 10-5).  Dike states that the "terms of the Loan Documents" provide that defendants "shall be responsible for reasonable attorney's fees in the event of the default" (*Id.*).  Dike then states an amount due for attorney's fees and costs and

---

[4] The complaint indicates that interest accrues at the per diem rate of $64.93. (*Id.*)  The most recent Change in Terms of Agreement showed a principal balance due of $306,850.00 and a change in terms to a fixed interest rate of .06% per annum calculated on a 360 day year (doc. 1-1, p. 11).  The Change in Terms also indicated that post-default interest would accrue at the rate of 18% per annum based on a 360 day year.  However, Whitney did not specify which interest rate was applied to calculate the per diem rate.

gives her opinion that "this amount is reasonable . . ." (*Id.*)

As the movant, Whitney bears the burden of establishing the "reasonableness" of the attorney's fees requested. *American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir.1999). In this court, a determination as to the reasonableness of attorney's fees begins with a determination of the reasonable hourly rate multiplied by the hours reasonably expended. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988) (applying a three-part framework for calculating the lodestar and explaining that before the calculation, the court should determine the reasonable hourly rate and hours reasonably expended). In that regard, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F. 2d at 1299, citing *Blum*, 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n.11; *Wachovia Bank, Nat. Ass'n v. Motes Const. & Development, Inc.*, 2009 WL 4898355, 3 (S.D.Ala., 2009) (finding that an affidavit by an associate which did not contain supporting documentation of time spent on tasks or information regarding counsel's skill and experience levels was not sufficient to support a claim for attorney's fees and costs).

Therefore, Dike's affidavit testimony is not satisfactory evidence that the attorney's fees charged by her firm are reasonable. As an initial consideration, costs are not delineated separately from attorney's fees. Also, Dike failed to provide any documentary evidence to show the hourly rate charged, the number of hours worked, and the type of work performed. Nor did she provide information regarding the skill, knowledge, or experience of the attorneys performing the work. In sum, Whitney failed to provide the Court with any documentation to support its request. Thus, the Court lacks sufficient information to determine whether the attorneys' fees and costs requested are reasonable.

Accordingly, Whitney's motion for attorney's fees and costs is **DENIED** with leave to

re-file on or before **July 24, 2012.  Davis** may **respond** to Whitney's documentation on or before **August  7, 2012.  Whitney** may file any **reply** on or before **August 14, 2012.**

      VII.    Conclusion

Accordingly, it is **ORDERED** that Whitney's motion for summary judgment as to Davis is **GRANTED** in part as set forth herein, and Whitney's request for  reasonable attorney's fees and costs is **DENIED** with leave to re-file.

Final judgment shall issue upon resolution of the current pay-off balance and the reasonableness of the attorney's fees and costs.  *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue...."); *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case.").

      **DONE** and **ORDERED** this 10th day of July, 2012.


                                                    /s/ Kristi K. DuBose
                                                    **KRISTI K. DUBOSE**
                                                    **UNITED STATES DISTRICT JUDGE**